**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| | |
| v. | **CRIMINAL NO. H-20-649-3** |
| | |
| **RAUL SERRATO-RODRIGUEZ,** | |
| **Defendant.** | |

## PLEA AGREEMENT

The United States of America, by and through Jennifer B. Lowery, Acting United States Attorney for the Southern District of Texas, and Shelley J. Hicks, Assistant United States Attorney, and the defendant, **RAUL SERRATO-RODRIGUEZ** ("Defendant"), and Defendant=s counsel, David Adler, pursuant to Rule **11(c)(1)(B)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant=s Agreement

1. Defendant agrees to plead guilty to Count 2 of the Criminal Indictment. Count 2 charges Defendant with being an alien illegally or unlawfully in the United States who knowingly possessed in and affecting commerce, a firearm/firearms, in violation of Title 18, United States Code, Section 922(g)(5). Defendant, by entering this plea, agrees that he/she is waiving any right to have the facts that the law makes essential to the punishment either charged in the criminal information, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 922(g)(5), is imprisonment of not more than 10 years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment

of up to 3 years. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he/she should violate the conditions of any period of supervised release which may be imposed as part of his/her sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he/she cannot have the imposition or execution of the sentence suspended, nor is he/she eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier=s check or money order, payable to the Clerk of the United States District Court, c/o District Clerk=s Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if he/she is not a citizen of the United States. Defendant understands that if he/she is not a citizen of the United States, by pleading guilty he/she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### Waiver of Appeal and Collateral Review

5.   Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.  Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255.  In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.  Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court.  The United States does not make any promise or representation concerning what sentence the defendant will receive.  Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005).  Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is

not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States= Agreements

8. The United States agrees to each of the following:

(a)    The United States will seek a sentence within the advisory United States Sentencing Guideline range; and

(b)    If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding - Southern District of Texas Only

9. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the criminal information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement to the attention of other prosecuting offices, if requested.

### United States= Non-Waiver of Appeal

4

10. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office=s preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant=s counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

11. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone,

withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

12. Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

    (a)    If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

    (b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court; and

    (c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he/she could testify on his/her own behalf.

## Factual Basis for Guilty Plea

13. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count 2 of the Criminal Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant=s guilt:

a. On November 19, 2019, United States Magistrate Judge Dena Palermo signed a search warrant authorizing agents to search the property located at 25777 Magnolia Drive, Splendora, Texas, "including all structures present at a multi-structure residence as referenced in Attachment B." Notably, Attachment B, composed of "B1" and "B2,"

described both "25735" (house A) and "25777" (house B). Two days later, agents executed this warrant.

b.   Upon executing the search warrant, agents determined that the defendant, **Raul Serrato-Rodriguez,** lived in house B along with his co-defendant, Josimar Jaimes-Garcia. During the search of house B, agents recovered:  a .22 caliber Derringer pistol bearing serial number E334074 (on kitchen table in plain view); an Anderson Manufacturing, model AM-15, multi-caliber rifle bearing serial number 19174639 (in plain view in living room); an Anderson Manufacturing, model AM-15, multi-caliber rifle bearing serial number 19205572 (on shelf in **Serrato-Rodriguez's** bedroom); two AR-15 magazines; and multiple rounds of .22, .223/.556, .38 and 50 caliber ammunition, along with 12-gauge shotgun shells.  Multiple gun parts were likewise recovered.

c.   **Serrato-Rodriguez** agreed to speak with agents after waiving his rights (given in Spanish) per Miranda.   Serrato-Rodriguez admitted to not only living in house B but confessed that the rifle located in one of the bedrooms was his personal property.  In fact, Serrato-Rodriguez explained that co-defendant, Pablo Serrato-Sosa (who resided in house A), put the weapon together for him.

d.   **Serrato-Rodriguez** also discussed his immigration status.  Specifically, he stated that he entered the United States on August 2, 2018, with a United States work visa which gave him permission to work as a laborer in Louisiana for two months.  **Serrato-Rodriguez** admitted that he never reported to this sanctioned employment and further, that he understood he could not lawfully possess weapons.

e.   A check run by HSI personnel confirmed that **Serrato-Rodriguez** applied for a United States work visa in Monterrey, Mexico, and received permission on August 2, 2018, to work for the Bradley Labor Group in Louisiana until October 1, 2018.  Accordingly, by (1) not reporting to Louisiana; and (2) unlawfully remaining in the United States, **Serrato-Rodriguez** correctly related that he could not lawfully possess weapons in the United States.[1]

f.  Personnel from ATF, available to testify, examined the weapons and ammunition seized from house B on November 21, 2019 as discussed herein.  ATF officials concluded that none of these seized items were manufactured in the state of Texas and accordingly, all traveled in interstate or foreign commerce.  Further, each weapon was a "firearm" as defined in Title 18, United States Code, Section 921(a)(3).

---

[1] Per immigration officials, when **Serrato-Rodriguez** failed to report to Louisiana, he was out of status and illegally in the United States.

7

**Breach of Plea Agreement**

14.  If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant=s plea and sentence will stand.  If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.  Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

**Restitution, Forfeiture, and Fines – Generally**

15.  This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he/she will make a full and complete disclosure of all assets over which he/she exercises direct or indirect control, or in which he/she has any financial interest.  Defendant agrees not to dispose of any assets or take any action that would affect a transfer of property in which he/she has an interest unless Defendant obtains the prior written permission of the United States.

16.  Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement.  Defendant agrees to authorize the release of all financial information requested by

8

the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

17. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

18. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

**Forfeiture**

19. Defendant stipulates and agrees that the property listed in the Criminal Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture:

(a) A .22 caliber Derringer pistol bearing serial number E334074;

(b) An Anderson Manufacturing, model AM-15, multi-caliber rifle bearing serial number 19174639;

(c) An Anderson Manufacturing, model AM-15, multi-caliber rifle bearing serial number 19205572;

(d) Assorted gun parts including three trigger housings and four lower receivers;

(e) One altered flare gun;

(f) Multiple rounds of .22, .233/556, 38 and 50 caliber ammunition; and

(g) Several 12-gauge shotgun shells.

20. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal, or state.

21. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

22. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

**Abandonment**

23. The Defendant further agrees to the abandonment of the following items:

(a) A Yankee Hill Machine Company, model YHM-15, multi-caliber rifle bearing serial number YH023182;

(b) A CBC (Mossberg International), model 702 Plinkster, .22 caliber rifle bearing serial number ELG3431068; and

(c) A silencer.

10

24.   Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the abandonment of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

25.   Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.   Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

26.   This written plea agreement, consisting of 13 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.   No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

11

27.  Any modification of this plea agreement must be in writing and signed by all parties.


Filed at _Houston_____, Texas, on _May 27_____, 2021.

X _Have Serrato_____
Defendant


Subscribed and sworn to before me on _May  27_____, 2021.

NATHAN OSCHNER, Clerk
UNITED STATES DISTRICT CLERK


By: _Rhonda S. Hawkins_____
Deputy United States District Clerk

APPROVED:

Jennifer B. Lowery
Acting United States Attorney

By: _Shelley J. Hicks_____
Shelley J. Hicks
Assistant United States Attorney
Southern District of Texas
Telephone: 713-567-9000

David Adler
Attorney for Defendant
Telephone: 713-666-7576

12

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

UNITED STATES OF AMERICA

    v.

RAUL SERRATO-RODRIGUEZ,
    Defendant.

CRIMINAL NO. H-20-649-3

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending Criminal Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory, and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____      5/27/21
Attorney for Defendant           Date

I have consulted with my attorney and fully understand all my rights with respect to the Criminal Indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

13

RAUL serrato _____      5/22/21 _____
Defendant                          Date

14